**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Tyrone JONES, Defendant–Appellant.**

No. 05–31074
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 15, 2006.

Byron C. Williams, Assistant U.S. Attorney, William P. Gibbens, Gregory M. Kennedy, U.S. Attorney's Office, Eastern District of Louisiana, New Orleans, LA, for Plaintiff–Appellee.

Virginia Laughlin Schlueter, Federal Public Defender, Robin Elise Schulberg, Federal Public Defender, Eastern District of Louisiana, New Orleans, LA, for Defendant–Appellant.

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM: *

Tyrone Jones appeals the sentence the district court imposed on remand for re-sentencing for his convictions for being a felon in possession of a firearm and possession of a firearm after entry of a domestic violence restraining order. Jones argues that the district court violated his Sixth Amendment rights by enhancing his sentence based on his possession of a firearm in connection with a drug offense, of which the trial jury had acquitted him. Jones contends that the jury's verdict of acquittal denied the district court the authority to impose a sentencing enhancement based on the acquitted conduct. We have held that "[a] jury's verdict of acquit-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." *United States v. Valdez*, 453 F.3d 252, 264 (5th Cir.2006)(citing *United States v. Watts*, 519 U.S. 148, 157, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997); *United States v. Cathey*, 259 F.3d 365, 368 (5th Cir.2001)). The Supreme Court's decision in *Watts* remains valid after *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See United States v. Vaughn*, 430 F.3d 518, 526–27 (2d Cir. 2005), *cert. denied*, —— U.S. ——, 126 S.Ct. 1665, 164 L.Ed.2d 405 (2006); *United States v. Price*, 418 F.3d 771, 788 (7th Cir.2005); *United States v. Magallanez*, 408 F.3d 672, 684 (10th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 468, 163 L.Ed.2d 356 (2005); *United States v. Duncan*, 400 F.3d 1297, 1304–05 (11th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 432, 163 L.Ed.2d 329 (2005). Jones has not shown that the district court's enhancement of his sentence based on acquitted conduct was error. *See Valdez*, 453 F.3d at 264.

Jones also argues that the sentence imposed on remand by the district court was unreasonable. Following *Booker*, sentences are reviewed for reasonableness. *U.S. v. Mares*, 402 F.3d 511, 518 (5th Cir.2005). "If the sentencing judge exercises her discretion to impose a sentence within a properly calculated Guideline range, in our reasonableness review we will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines." *Id.* at 519. Further, the district court need not give a detailed explanation for its choice of a sentence that is within the guidelines range. *Id.* Indeed, there is a presumption that a post-*Booker* discretionary sentence imposed within a properly calculated guidelines

range is reasonable. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir.2006).

In Jones's case, the district court departed upward pursuant to U.S.S.G. § 4A1.3(a)(1) because Jones's original criminal history score seriously underrepresented the seriousness of Jones's criminal history and the likelihood that he would commit another crime. Jones's sentence is thus considered a Guidelines sentence because the district court's authority to depart derived from the Guidelines themselves. *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir.2006). We review both the decision to depart and the extent of that departure for abuse of discretion. *United States v. Desselle*, 450 F.3d 179, 182 (5th Cir.2006); *see also United States v. Simkanin*, 420 F.3d 397, 415–16 (5th Cir.2005), *cert. denied*, —— U.S. ——, 126 S.Ct. 1911, 164 L.Ed.2d 663 (2006). "A district court abuses its discretion if it departs on the basis of legally unacceptable reasons or if the degree of the departure is unreasonable." *Desselle*, 450 F.3d at 182. In assessing the extent of a departure, this court continues to look to pre-*Booker* case law for guidance. *Id.* This court ultimately determines whether the sentence is unreasonable with regard to 18 U.S.C. § 3553(a). *Id.*

On remand, the district court imposed the same 78–month sentence that it imposed at the original sentencing, stating that it considered the factors set forth in 18 U.S.C. § 3553(a)(1) & (2), and stating that the sentence was appropriate for the reasons previously set forth at the original sentencing. Our review of the record reveals that the district court gave numerous reasons for the sentence it imposed and these reasons indicate that it considered the factors in § 3553(a)(1) & (2), including the nature of the crime and Jones's history, the need for the sentence to reflect the seriousness of Jones's crime, the need to

deter, to protect the citizenry, and to give Jones care or correctional treatment he may need, and the pertinent guidelines range. *See* § 3553(a). Jones has not shown that the district court abused its discretion because it departed on the basis of legally unacceptable reasons or because the degree of the departure was unreasonable. *See Desselle,* 450 F.3d at 182.

Jones has also failed to show that the sentence violates the "proportionality principle" of 18 U.S.C. § 3553(a)(6) as he has not presented evidence such as average sentences for similarly situated defendants or a case in which a similarly situated defendant received a lesser sentence. *See Smith,* 440 F.3d at 709.

AFFIRMED.